In the Matter of CHARLES M. SCHENCK, Petitioner, *v.* FIRE COUNCIL OF THE SEA CLIFF FIRE DEPARTMENT et al., Respondents.

Supreme Court, Special Term, Nassau County, June 29, 1962.

*Joseph L. Vetrone* for petitioner. *David R. Siegel* for respondents.

FRANK A. GULOTTA, J. This is an article 78 (Civ. Prac. Act) proceeding by a member of a volunteer fire department to annul a determination made by respondent Fire Council, that he be suspended for 60 days, for conduct unbecoming a fireman.

The papers leave the court in the dark as to the event at which or the facts and circumstances under which the incident took place giving rise to the suspension. Petitioner states that it had nothing to do with fireman duties or the business of the fire company and that neither he nor his accuser, Paul Weber, was in uniform or on duty at the time. While this is denied, respondent does not come forward with any explanation either.

It would appear, however, that the incident occurred at a social function entirely disconnected from any duties as a fireman. There is a vague reference to Weber's having " passed out ", being laid on a pool table in the firehouse, given oxygen, struggling and perhaps kicking petitioner and petitioner's striking Weber.

Petitioner was served with no charges other than the simple statement that he was charged with conduct unbecoming a fireman, without specification of any kind. The minutes of the so-called hearing show nothing more than has been set forth above.

Respondent relies on *Matter of Marks* v. *Gombert* (225 App. Div. 876, affd. 251 N. Y. 542) which held that where rules adopted by Fire Commissioners pursuant to subdivision 5 of section 200 of the Village Law so provide, a fireman can be removed without notice of charges or a hearing thereon. This case was decided in 1929, but section 209-1 of the General Municipal Law adopted in 1952, would seem to have changed the disciplinary procedure approved in the *Marks* case. That section reads as follows: " § 209-1. Removal of volunteer officers and volunteer members of fire departments. The authorities having control of fire departments of cities, towns, villages and fire districts may make regulations governing the removal of volunteer officers and volunteer members of such departments and the companies thereof. Such officers and members of such departments and companies shall not be removed from office, or membership, as the case may be, by such authorities or by any other officer or

body, except for incompetence or misconduct. Removals on the ground of incompetence or misconduct, except for absenteeism at fires or meetings, shall be made only after a hearing upon due notice and upon stated charges and with the right to such officer or member to a review pursuant to article seventy-eight of the civil practice act. Such charges shall be in writing and may be made by any such authority. The burden of proving incompetency or misconduct shall be upon the person alleging the same. Hearings upon such charges shall be held by the officer or body having the power to remove the person charged with incompetency or misconduct or by a deputy or employee or such officer, or body designated in writing for that purpose. In case a deputy or other employee is so designated, he shall for the purpose of such hearing be vested with all the powers of such officer or body, and shall make a record of such hearing which shall be referred to such officer or body for review with his recommendations. The notice of such hearing shall specify the time and place of such hearing and state the body or person before whom the hearing will be held. Such notice and a copy of such charges shall be served personally upon the accused officer or member at least ten days but not more than thirty days before the date of the hearing. A stenographer may be employed for the purpose of taking testimony at the hearing. The officer or body having the power to remove the person charged with incompetence or misconduct may suspend such person after charges are filed and pending disposition of the charges, and after the hearing may remove such person or may suspend him for a period of time not to exceed one year. The provisions of this section shall not affect the right of members of any fire company to remove a volunteer officer or voluntary member of such company for failure to comply with the constitution and by-laws of such company." (Added by L. 1952, ch. 785, eff. April 17, 1952.) Respondents point to the last sentence and argue that this nullifies everything which is stated above it.

This is in any event an unreasonable interpretation, to be avoided where possible, and furthermore on a careful reading, it is not required by the language. The main body of the section deals with action by the " authorities " and the last sentence to action by the " members ". There is, therefore, no inconsistency here, unless we make it. The Legislature may have very well thought that the membership of a fire company should have the right to rid itself of an undesirable member for unspecified or general reasons, while withholding that power from the governing officers.

Furthermore, the fact that the members may have a right of removal broader than "incompetence or misconduct" where conferred by the constitution and by-laws of the fire company is no reason to dispense with the procedural requirements set forth in the section, i.e., charges, a hearing, testimony, etc., even where the membership as such decides to take action. That was not done here and of course there was no action by the membership at all.

Although the suspension period has run, petitioner still is an aggrieved person because of the record of misconduct now listed against him and the further penalty imposed, viz., that "if he is involved in any further trouble he will be expelled from the Fire Department".

The determination appealed from is annulled and the suspension vacated.