Bernard S. Meyer, J.
By this article 78 proceeding petitioner seeks an adjudication that chief’s bulletin 2-69, which purports to control the grooming of hair of volunteer firemen in the Massapequa Fire District, is unconstitutional. Unfortunately, however, the papers are insufficient to present the constitutional question, for it is elementary that courts will not decide consitutional questions unless necessarily involved and, it appears, the matter can be decided without reaching the constitutional issue.
The alternative ground is that, so far as appears from the papers presented, the procedure by which chief’s bulletin 2-69 was adopted was insufficient to make it binding upon petitioner. The bulletin was, the exhibits show, promulgated by the chief and voted upon by the members at a meeting on May 6, 1969. Section 176-a of the Town Law vests the chief with control of the members and charges him with the duty of seeing that the rules and regulations of the board of fire commissioners are observed and that orders of the board are executed, but does not empower him to make his own rules and regulations. The power to adopt rules and regulations prescribing the duties of members is in the board (Town Law § 176, subd. 11) rather than the chief.
True it is that section 209-1 of the General Municipal Law establishes two separate procedures for removal of members, one by the board for ‘ ‘ incompetence or misconduct ”, and a second by the members for ‘ ‘ failure to comply with the constitution and by-laws ” (see Matter of Acker v. Board of Fire Comrs., 25 A D 2d 282; Matter of Schenck v. Fire Council, 35 Misc 2d 685). But that does not save the instant dismissal, because (1) it was a dismissal by the board, not by the members, and (2) if it be assumed that the board can dismiss for misconduct in failing to obey a validly adopted by-law which had never been approved by, or become a rule or regulation of, the board, nevertheless the record does not contain the constitution or show that proper notice was given for adoption of a by-law, and it is, therefore, impossible on the present papers to determine whether the bulletin in question was validly adopted as a by-law.
The parties seem to have assumed that the bulletin was validly adopted and could be the basis for dismissal by the board, and it *479 may be that further documents will demonstrate that the facts and the law sustain that assumption. The court will, therefore, hold the matter in abeyance for a period of 15 days after the date of this memorandum, during which either party may serve upon the other and file with the court a supplemental petition or answer and return or a supplemental brief, or both, and notice the matter for further argument before this court. Should neither party present such supplemental papers within that 15-day period, judgment annulling the determination of the board and directing petitioner’s reinstatement may be settled on notice.