Bernard S. Meyer, J.
Pursuant to the eourt’s memorandum of September 4 (64 Misc 2d 477), respondent board has submitted a supplemental answer which establishes that chief’s bulletin 2-69 was not intended as an amendment of the by-laws and was never adopted as a regulation by the board. The board, nonetheless, asks that the court pass upon its right to adopt rules and regulations regarding the wearing of hair on the face of a volunteer fireman, suggesting that the board may be deemed tacitly to have approved the bulletin and adopted it as a regulation by its failure to take action on it after it was forwarded to the secretary. The simple answer to the latter suggestion is that the board has not been authorized to adopt regulations by failing to pass upon them.
*480 Nor may the court in the absence of a validly adopted regulation pass upon the issue on the basis of the consent of the parties. “ Constitutional questions are not to be decided hypothetical!y” (Anniston Mfg. Co. v. Davis, 301 U. S. 337, 353; People v. Faxlanger, 1 N Y 2d 393, 395; accord: United States v. Raines, 362 U. S. 17), for the very good reasons that (1) ours is a government of separate powers, (2) there is often a wide gulf between hypothesis and fact, and (3) a consensual decision, not being a regulation, is binding only on the parties to it.
The only body with power to legislate regulations for the Massapequa Fire District is its board of fire commissioners. Until that board has acted there is no regulation and the chief’s bulletin over which the parties have been so furiously sparring is simply that official’s wish, binding on no one. One purpose behind the requirement that regulations be enacted by the board is to obtain the considered judgment of each member of the board on the safety factors and other policy considerations involved in the regulation. The discussion thus engendered is important because it may result in some deviation from the policy proposed by the chief in his bulletin, and because, even if it does not, the legislative history thus created may be of material importance to a court in determining the validity of, or in construing, the resulting regulation.
A further purpose in requiring board enactment is to assure that the regulation established is equally binding on all who come within its terms. Yet, were the court on the basis. of the proffered consent to deem the bulletin to be a regulation, not only would the benefits of board discussion be lost, but also the fictional ‘ ‘ regulation ’ ’ thus deemed to exist, since it would rest not upon legislative action but solely upon the consent of the parties, would be binding only on the parties to this action in relation to each other, but on no one else.
Though it may be frustrating for the parties not to have the issues now decided, it would be of far greater harm to our processes of government were the court to shortcut in the manner suggested. Settle on notice judgment directing petitioner’s reinstatement.