■ In the Matter of MARCELLA BRUEMMER, as Executrix of ARTHUR BRUEMMER, Deceased, Petitioner, v PATRICK R. VECCHIO, as Supervisor of the Town of Smithtown, et al., Respondents. — Proceeding pursuant to CPLR article 78 to review a determination of the Town Board of the Town of Smithtown, dated October 21, 1980 and made after a hearing, which found petitioner's decedent, Arthur Bruemmer, guilty of certain misconduct, suspended him for a period of time without pay, and issued a letter of reprimand. Petition granted to the extent that the determination is annulled, on the law, without costs or disbursements, the charges are dismissed, and the respondents are directed to remove the letter of reprimand from the decedent's personnel file and to pay to petitioner all pay and allowances which the decedent would have earned during the period he was suspended less the amount of any compensation which he may have earned in any other employment or occupation and any unemployment benefits he may have received during such period. The hearing officer recommended that the charges against petitioner's decedent, Arthur Bruemmer, be dismissed. However, the town board decided to sustain the charges, to issue a letter of reprimand, and to suspend Bruemmer for a period of time without pay. While the findings of a hearing officer are not conclusive, they may be overruled by the official who has the power to remove or mete out discipline only if the latter's action is supported by substantial evidence (*Matter of Simpson v Wolansky,* 38 NY2d 391; *Matter of Pelaez v Waterfront Comm. of N. Y. Harbor,* 88 AD2d 443). The town board's determination was arbitrary and capricious and was not supported by substantial evidence (see *300 Gramatan Ave. Assoc. v State Div. of Human Rights,* 45 NY2d 176; *Matter of Pell v Board of Educ.,* 34 NY2d 222). Thompson, J. P., O'Connor, Brown and Rubin, JJ., concur.