■ In the Matter of KENNETH C. ITTIG, III, Petitioner, v HUNTINGTON MANOR VOLUNTEER FIRE DEPARTMENT, INC., et al., Respondents. — Proceeding pursuant to CPLR article 78 to review a determination of the Board of Fire Commissioners of the Huntington Manor Fire District, dated April 20, 1982, which, after a hearing, removed petitioner from the membership rolls of the Huntington Manor Volunteer Fire Department, Inc. Petition granted, determination annulled, on the law, without costs or disbursements, and respondents are directed to reinstate petitioner as a member of the Huntington Manor Volunteer Fire Department, Inc. The determination to expel petitioner, a volunteer fireman, from the membership rolls of the Huntington Manor Volunteer Fire Department, Inc., for reasons of gross misconduct and insubordination was based on affirmative findings by the board of fire commissioners with respect to the following charges: (1) after being ordered by Chief Alan Bailey on December 14, 1981 to shave off his beard before responding to any further alarms, petitioner disobeyed said order by responding to the scene of an automobile fire on December 17, 1981; (2) after being instructed to attend a meeting with the officers of the Huntington Manor Volunteer Fire Department on Sunday, December 20, 1981, to explain his conduct as to the first charge, petitioner failed to appear or proffer a timely explanation as to why he could not attend the scheduled meeting; (3) after being placed on suspension by Chief Bailey on December 17, 1981, petitioner was observed on January 3, 1982 and on other dates at the Huntington Manor Fire Department headquarters, utilizing the recreational facilities reserved for volunteer firemen not under suspension. Based on this record, the affirmative findings of the board of fire commissioners are not supported by substantial evidence. Although rules and regulations setting forth standards as to the haircuts, sideburns, mustaches, and beards of firemen and policemen are constitutionally valid (*Kelley v Johnson,* 425 US 238; *Matter of Greenwald v Frank,* 40 AD2d 717, affd 32 NY2d 862; *Olszewski v Council of Hempstead Fire Dept.,* 70 Misc 2d 603, revd on other grounds 41 AD2d 968), there is no evidence in the record that the

board adopted a rule, regulation or by-law prohibiting beards (Town Law, § 176, subd 11; *Matter of Thompson v Board of Fire Comrs.*, 64 Misc 2d 477). Consequently, Chief Bailey's order to petitioner to shave off his beard before responding to any more fire alarms was not binding on petitioner (see *Matter of Thompson v Board of Fire Comrs.*, 64 Misc 2d 479). Moreover, aside from petitioner's mere presence at the scene of an automobile fire on December 17, 1981, there was no evidence in the record to infer that petitioner had responded to a fire alarm, still wearing a beard, in violation of Chief Bailey's order. None of respondents' witnesses testified that they observed petitioner actively engaged in fighting the fire. According to petitioner, he arrived at the fire scene in search of a friend, also a volunteer fireman, after being informed that his friend had responded to a fire alarm at said location. After conversing with his friend, petitioner informed a superior officer that he could not provide assistance because he still had a beard. Upon observing petitioner at the scene of the fire, Chief Bailey testified that he immediately suspended petitioner without asking him to account for his presence. Consequently, the substantial evidence in the record supports the conclusion that petitioner was present at the fire in the capacity of a spectator rather than a fire fighter. Regarding the second charge, petitioner admitted that he failed to attend the meeting, but explained that he had to work on the scheduled date as a fuel truck driver and, due to the nature of his employment, he was unable to telephone Chief Bailey. Furthermore, upon being suspended at the scene of the December 17, 1981 fire, petitioner attempted to inform Chief Bailey that he might not be able to attend the scheduled meeting because of his employment, but the chief refused to listen to his explanation. On December 27, 1981, petitioner telephoned Chief Bailey to explain his nonappearance but once again the chief refused to listen and hung up. Accordingly, there was no evidence to indicate that petitioner willfully disobeyed Chief Bailey's instruction to attend the scheduled meeting or to explain his nonappearance. Nor was there substantial evidence to support the third charge lodged against petitioner, to wit: petitioner's use, while suspended, of recreational facilities reserved for volunteer firemen not suspended from the department. Respondents do not dispute the fact that petitioner was mailed a letter, dated December 20, 1981, purporting to be signed by Chief Bailey, which advised petitioner that he had been expelled from the department as of that date. Although petitioner conceded that he was in the fire department's recreation room on January 3, 1982, petitioner claimed he was present as a guest of volunteer fireman De Pinto. Fireman De Pinto, who had knowledge of the contents of the letter dated December 20, 1981, corroborated petitioner's testimony. Since petitioner had purportedly been expelled as of December 20, 1981, the third charge against petitioner cannot serve as a ground for supporting the determination of the board of fire commissioners to remove petitioner from the membership rolls. Since there is not substantial evidence in this record to support the determination of the board of fire commissioners to remove petitioner for misconduct, that determination is annulled and respondents are directed to reinstate petitioner as a member of the Huntington Manor Volunteer Fire Department. Lazer, J. P., Mangano, Gulotta and Bracken, JJ., concur.