■ JEFFREY CONVERSE et al., Appellants, v EDWARD V. HORAN, as Chairman of the Board of Fire Commissioners of the Locust Valley Fire District, et al., Respondents. JEFFREY CONVERSE et al., Petitioners, v EDWARD V. HORAN, as Chairman of the Board of Fire Commissioners of the Locust Valley Fire District, et al., Respondents. — (1) In a proceeding pursuant to CPLR article 78, *inter alia,* to review 10-day suspensions imposed by respondents on petitioners Converse and Barrett on April 23, 1980 and April 26, 1980, respectively, the appeal is from a judgment of the Supreme Court, Nassau County (Balletta, J.), entered December 24, 1981, which dismissed the proceeding and (2) proceeding pursuant to CPLR article 78 to review a determination of the respondents Commissioners of the Board of Fire Commissioners of the Locust Valley Fire Department dated December 14, 1981 which dismissed petitioners as members of the Locust Valley Fire Department. Judgment affirmed without costs or disbursements. No opinion. Petition granted to the extent that the determination is annulled, on the law, without costs or disbursements, and the respondents are directed to reinstate petitioners as members of the Locust Valley Fire Department. Petitioners were removed from the rolls of the Locust Valley Fire Department for violating an order, which, *inter alia,* prohibited all members of the Locust Valley Fire Department from using any individually owned equipment while on duty. Specifically, petitioners were charged with wearing their own turn-out coats on June 26, 1981 while attending a fire training drill. The record indicates that numerous members of the Locust Valley Fire Department had been using individually owned turn-out equipment including helmets, jackets, pants, boots, and shields. It is beyond question that respondent members of the board of fire commissioners have the ultimate authority to adopt rules and regulations concerning the type and nature of the equipment to be used by the members of the fire department (see Town Law, § 176, subds 10, 11, 13). Accordingly, it was within the respondents' authority to adopt rules and regulations prohibiting members of the fire department from using individually owned turn-out equipment while on duty. Although the respondents alleged that they (1) issued an order prohibiting members of the fire department from using individually owned turn-out

equipment and (2) instructed the fire chief to so inform the members of the fire department, an examination of the instant record fails to disclose any evidence that a formal resolution, rule or regulation prohibiting the use of individually owned equipment was ever validly adopted by the respondents. Under these circumstances, the respondents' determination removing the petitioners from the rolls of the Locust Valley Fire Department must be annulled, and petitioners must be reinstated as members of said department (see *Matter of Ittig v Huntington Manor Volunteer Fire Dept.,* 95 AD2d 829; *Matter of Thompson v Board of Fire Comrs.,* 64 Misc 2d 479). Lazer, J. P., Mangano, Gulotta and Niehoff, JJ., concur.