■ CHARLES TUCKER, Appellant, v MARIE MALONE et al., Constituting the Board of Fire Commissioners of the Fairview Fire District, et al., Respondents.—In a proceeding pursuant to CPLR article 78 to review a determination of the Board of Fire Commissioners of the Fairview Fire District which, after a hearing and contrary to the conclusion of a hearing officer, found petitioner guilty of violating Rules and Regulations of the Fairview Fire District, article X, § 8, and imposed a reprimand, petitioner appeals from a judgment of the Supreme Court, Westchester County (Stolarik, J.), dated January 13, 1984, which confirmed the determination.

Judgment reversed, on the law, without costs or disbursements, petition granted, determination annulled, and charge dismissed.

Petitioner, a lieutenant in the Fairview Fire Department, was charged with violating Fairview Fire Department Rules and Regulations, article X, § 8, which prohibits conduct "which may bring reproach or reflect discredit upon the Department". The incident which formed the basis of the charge consisted of petitioner stuffing an envelope into the lapel pocket of the secretary-treasurer of the Board of Fire Commissioners saying "You can take this and stick it", while the secretary was observing an election at the Fairview Fire Headquarters.

After a hearing on the charge, the hearing officer found, *inter alia,* that there were no voters in the immediate area of the incident, there was no testimony to indicate any voter was aware of the incident, the incident lasted 15 to 20 seconds, and all those involved were out of uniform. The hearing officer found that petitioner's behavior, "while rude, discourteous, antagonistic and insubordinate did not constitute behavior such as to bring reproach or reflect discredit upon the Department", and concluded that section 8 of article X of its rules was not violated.

The Board of Fire Commissioners adopted the hearing officer's findings of fact, but concluded from these facts that petitioner's conduct was such as to bring reproach or reflect discredit upon the Department in violation of the rule in question. This conclusion was based on the hearing officer's conclusion that the behavior was "rude, discourteous, antagonistic and insubordinate".

While the findings of a hearing officer are not conclusive, they may be overruled by the official who has the power to remove or mete out discipline only if the latter's action is

supported by substantial evidence *(Matter of Simpson v Wolansky,* 38 NY2d 391; *Matter of Bruemmer v Vecchio,* 93 AD2d 863). Here the determination of the Board of Fire Commissioners was not supported by substantial evidence since nothing in the evidence or the hearing officer's findings indicates that the behavior was such as to bring reproach or reflect discredit upon the Department.

In view of our decision on the substantial evidence question, we do not reach petitioner's other contentions. Niehoff, J. P., Lawrence, Eiber and Kooper, JJ., concur.