■ In the Matter of JAMES CURLEY, Petitioner, v TOWN BOARD OF THE TOWN OF RAMAPO, et al., Respondents. [631 NYS2d

51] —Proceeding pursuant to CPLR article 78 to review a determination of the Town Board of the Town of Ramapo, dated July 14, 1993, which, *inter alia*, after a hearing, found the petitioner guilty of charges of insubordination and suspended him from his position as a town police officer, without pay, for 20 days.

Adjudged that the petition is granted, on the law, with costs, the determination is annulled, and the charges are dismissed.

In August of 1990, the petitioner, a police officer employed by the Town of Ramapo, sustained an injury during his employment and was unable to perform his regular duties. However, he continued to draw full salary and wages pursuant to General Municipal Law § 207-c.

On December 3, 1992, the petitioner, who had still not returned to full duty status, attended a meeting at the Ramapo Town Attorney's Office, at which he was urged to file for a disability retirement. The petitioner declined to do so. Approximately one week later, the petitioner was charged with insubordination based on, *inter alia*, his alleged use of profanity while engaging in an off-duty conversation with a superior officer in November.

After an evidentiary hearing on the charges, the Hearing Officer found that no act of insubordination had been committed and concluded, *inter alia*, that the profanity used by the petitioner occurred during an off-duty conversation over a private telephone line. The Hearing Officer further concluded that such language was commonly used within a police environment, at least where civilians were not involved, thus precluding any finding that the petitioner committed an act of insubordination.

At a subsequent meeting, the Town Board rejected the Hearing Officer's findings and concluded that the petitioner had in fact committed an act of insubordination for which the Town Board, *inter alia*, suspended the petitioner without pay for 20 days. The petitioner contends, *inter alia*, that the record lacked substantial evidence to support the Town Board's finding that he committed an act of insubordination. We agree.

Although the Town of Ramapo Code of Rules and Regulations § 12.9 states, *inter alia*, "[d]iscourtesies displayed toward superior officers will be considered acts of insubordination", section 12.8 (b) of the rules, entitled "Courtesy to Superiors" states that "[m]embers of the Department will be courteous to superior officers *while on duty*" (emphasis supplied). Here, as the Hearing Officer concluded, the conversation at issue occurred while the petitioner was off-duty over a private

telephone line. In any event, the evidence at the hearing established that profanity of the type which the petitioner used is commonplace in a police environment, that the superior officer to whom the petitioner was speaking at the time often heard such language used, and that he had never before instructed any of his subordinates to desist from using such profanity unless it was being used in dealing with a civilian complainant. Under the circumstances, we conclude that the record lacked substantial evidence to sustain the charges that the petitioner committed an act of insubordination.

In light of our determination, we do not reach the petitioner's remaining contentions. Sullivan, J. P., Miller, Thompson and Joy, JJ., concur.