■ In the Matter of WILLIAM D'ALESSANDRO, Petitioner, v WEST HEMPSTEAD FIRE DISTRICT, Respondent. [861 NYS2d 771]—

Proceeding pursuant to CPLR article 78 to review a determination of the respondent, West Hempstead Fire District, dated September 13, 2005, after a hearing, finding, inter alia, the petitioner guilty of four charges of misconduct and removing the petitioner from membership in the West Hempstead Fire Department.

Adjudged that the petition is granted, on the law, with costs, the determination is annulled, and the charges are dismissed.

The petitioner, a firefighter for 28 years, was restricted in his duties by the Board of Fire Commissioners of the West Hempstead Fire Department (hereinafter the Board) for medical reasons. According to the Board, the petitioner was on notice not to be present at fire department emergency scenes.

On November 7, 2004, while at home and off-duty, the petitioner was telephoned by his friend of 30 years who asked him to come to her house because her son had just injured his ankle while playing football. The petitioner drove his personal

vehicle to his friend's house, where he encountered personnel of the West Hempstead Fire Department (hereinafter the Fire Department), who responded to the scene in order to transport the injured child to the hospital.

After speaking to the injured child, the petitioner was told by the assistant chief on the scene to move back. The petitioner was belligerent in his response, but he then took two steps back. The other firefighters were able to accomplish their task without establishing any kind of perimeter or "fire scene" so as to restrict access by members of the public. The petitioner did not treat the injured boy. As he was leaving the scene, the petitioner made disparaging and threatening remarks to the assistant chief about a firefighter who requested that the petitioner remove himself from the scene.

After a hearing before the Board, the petitioner was found guilty of misconduct for violating a Board directive, disobeying the lawful orders of officers, and disorderly conduct tending to create criticism of the Fire Department. The Board subsequently removed the petitioner from membership in the Fire Department. The petitioner then commenced the instant proceeding pursuant to CPLR article 78 to review the Board's determination.

"Judicial review of an administrative determination after a hearing required by law is limited to whether that determination is supported by substantial evidence" (*Matter of Rooney v Deer Park Fire Dept.*, 36 AD3d 823 [2007]; *see* CPLR 7803 [4]; *300 Gramatan Ave. Assoc. v State Div. of Human Rights*, 45 NY2d 176, 179 [1978]). Substantial evidence "means such relevant proof as a reasonable mind may accept as adequate to support a conclusion or ultimate fact" (*300 Gramatan Ave. Assoc. v State Div. of Human Rights*, 45 NY2d at 180).

There is no evidence demonstrating that the petitioner responded in his official capacity as a firefighter, acted with any accoutrements of official authority, or performed any role other than that of a family friend. Therefore, the Board's determination that the petitioner violated the Board's directive and disobeyed the assistant chief's order was not supported by substantial evidence, as the directive and order did not apply to his conduct as a private citizen not on duty (*see Matter of Ittig v Huntington Manor Volunteer Fire Dept.*, 95 AD2d 829, 830 [1983]). Similarly, the Board's determination that the petitioner was guilty of insubordination under West Hempstead Fire Department by-law § 2-23A was not supported by substantial evidence, as there was no evidence indicating that he was on "a line of duty assignment" as required under the by-law (*Matter*

of *Curley v Town Bd. of Town of Ramapo*, 218 AD2d 799, 800-801 [1995]). Finally, the Board's determination that the petitioner's conduct "tend[ed] to create criticism upon the department" was not supported by substantial evidence as there is no indication that anyone other than the assistant chief heard the petitioner's disparaging or threatening remarks (*see Tucker v Malone*, 114 AD2d 844, 844-845 [1985]).

In view of the foregoing, the petitioner's remaining contentions need not be addressed. Prudenti, P.J., Skelos, Covello and Balkin, JJ., concur.