■ In the Matter of MICHAEL BERGER, Petitioner, v BOARD OF FIRE COMMISSIONERS OF THE JERICHO FIRE DISTRICT, Respondent. [897 NYS2d 180]—

Proceeding pursuant to CPLR article 78 to review a determination of Lawrence Bachteler, Jr., as Chairperson of the Board of Fire Commissioners of the Jericho Fire District, dated June

2, 2008, which adopted the recommendation of a hearing officer dated April 14, 2008, made after a hearing, finding the petitioner guilty of five charges of misconduct and/or incompetence and terminated his membership as a Volunteer Firefighter Captain with the Jericho Fire District.

Adjudged that the petition is granted, on the law, without costs or disbursements, to the extent that so much of the determination as found the petitioner guilty of charges five and six and as imposed a penalty is annulled, the determination is otherwise confirmed, charges five and six are dismissed, and the matter is remitted to the Board of Fire Commissioners of the Jericho Fire Department for a new determination as to the penalty to be imposed on the petitioner on the remaining charges.

The petitioner was found guilty of five charges of misconduct and/or incompetence following a disciplinary hearing. Charges one, two, and three relate to an incident on June 18, 2007, in which the petitioner wore shorts at an emergency call scene in violation of his Chief's orders that members wear the Department-issued protective clothing, disobeyed a direct order from his Chief at the call scene, and left the call scene without authorization from a superior officer. The determination of the Board of Fire Commissioners of the Jericho Fire Department (hereinafter the Board) that the petitioner was guilty of charges one, two, and three is supported by substantial evidence in the record (*see* CPLR 7803 [4]; *300 Gramatan Ave. Assoc. v State Div. of Human Rights*, 45 NY2d 176, 179 [1978]; *Matter of D'Alessandro v West Hempstead Fire Dist.*, 53 AD3d 576, 577 [2008]; *Matter of Rooney v Deer Park Fire Dept.*, 36 AD3d 823 [2007]).

In contrast, the Board's determination that the petitioner was guilty of charges five and six, which relate to an incident on June 19, 2007, is not supported by substantial evidence in the record, as the petitioner was not on duty at the time of that incident (*see Matter of D'Alessandro v West Hempstead Fire Dist.*, 53 AD3d at 577; *Matter of Ittig v Huntington Manor Volunteer Fire Dept.*, 95 AD2d 829, 830 [1983]; *see also Matter of Curley v Town Bd. of Town of Ramapo*, 218 AD2d 799 [1995]).

The petitioner's remaining contention is without merit.

Accordingly, we annul so much of the determination as found the petitioner guilty of charges five and six and as imposed a penalty, otherwise confirm the determination, dismiss charges five and six, and remit the matter to the Board for a new determination as to the penalty to be imposed on the petitioner on the remaining charges. Mastro, J.P., Angiolillo, Balkin and Sgroi, JJ., concur.