■ In the Matter of KEITH MASON, Petitioner, v BOARD OF FIRE COMMISSIONERS OF JERICHO FIRE DISTRICT, Respondent. [900 NYS2d 148]—

Proceeding pursuant to CPLR article 78 to review a determination of the Board of Fire Commissioners of the Jericho Fire District dated July 10, 2008, which adopted the recommendation of a hearing officer dated June 27, 2008, made after a hearing, finding the petitioner guilty of seven charges of misconduct, and terminated his membership with the Jericho Fire District.

Adjudged that the petition is granted, on the law, without costs or disbursements, to the extent that so much of the determination as found the petitioner guilty of charges six and seven and as imposed a penalty is annulled, the determination is otherwise confirmed, charges six and seven are dismissed, and the matter is remitted to the Board of Fire Commissioners of the Jericho Fire District for a new determination as to the penalty to be imposed on the remaining charges.

The petitioner, a volunteer member of the Jericho Fire Department, was found guilty of seven charges of misconduct and/or incompetence following a disciplinary hearing. The determination of the Board of Fire Commissioners of the Jericho Fire District (hereinafter the Board) that the petitioner was guilty of charges one through five, arising out of an incident on or around May 31, 2007, in which the petitioner removed a pri-

mary piece of fire department equipment (a saw) from a front line fire truck, without permission, for personal use, was supported by substantial evidence in the record (*see* CPLR 7803 [4]; *300 Gramatan Ave. Assoc. v State Div. of Human Rights*, 45 NY2d 176, 179 [1978]; *Matter of D'Alessandro v West Hempstead Fire Dist.*, 53 AD3d 576, 577 [2008]; *Matter of Rooney v Deer Park Fire Dept.*, 36 AD3d 823 [2007]).

In contrast, the Board's determination that the petitioner was guilty of charges six and seven, arising out of an incident on June 19, 2007, involving an alleged violation of a "Chief's order," was not supported by substantial evidence in the record, as the petitioner was not on duty at the time of the alleged misconduct (*see Matter of Berger v Board of Fire Commr. of the Jericho Fire Dist.*, 71 AD3d 881 [2010]; *Matter of D'Alessandro v West Hempstead Fire Dist.*, 53 AD3d 576, 577 [2008]; *Matter of Ittig v Huntington Manor Volunteer Fire Dept.*, 95 AD2d 829, 830 [1983]; *see also Matter of Curley v Town Bd. of Town of Ramapo*, 218 AD2d 799 [1995]).

The petitioner's remaining contention is without merit.

Accordingly, we annul so much of the determination as found the petitioner guilty of charges six and seven and as imposed a penalty, otherwise confirm the determination, dismiss charges six and seven, and remit the matter to the Board for a new determination as to the penalty to be imposed on the remaining charges. Skelos, J.P., Balkin, Roman and Sgroi, JJ., concur.