In the Matter of MERRICK AUTO SERVICE, INC., Respondent, v ALEXANDER B. GRANNIS, as Commissioner of the New York State Department of Environmental Conservation, et al., Appellants. [919 NYS2d 173]—

The petitioner operates a Sunoco filling station in Merrick where it stores petroleum in underground fiberglass storage tanks. In 2006, after one of the tanks developed a crack and leaked, the petitioner arranged for the remaining tanks to be relined with a thick layer of fiberglass as a precautionary measure and under the manufacturer's supervision. The offending tank was subsequently taken out of service.

By letter dated September 13, 2007, the New York State Department of Environmental Conservation (hereinafter the DEC) informed the petitioner that the tanks could not be used to store petroleum because their "re-manufacturing" failed to comply with the new tank requirements under 6 NYCRR 614.3

and their "re-conditioning" failed to comply with 6 NYCRR 614.6, which only allowed for reconditioning of steel tanks.

The DEC subsequently issued a declaratory ruling dated April 11, 2008, which found, among other things, that the tanks were substantially modified when they were "re-conditioned/re-manufactured" in 2006, and that, "[i]n omitting standards for relining fiberglass tanks, the Department's intent was to maintain more careful oversight of such projects by requiring the filing of a variance request."

"[A]n agency determination 'should be annulled only if it is arbitrary, capricious or unsupported by the evidence' " (*Matter of Trump on the Ocean, LLC v Cortes-Vasquez*, 76 AD3d 1080, 1083 [2010], quoting *Matter of Riverkeeper, Inc. v Planning Bd. of Town of Southeast*, 9 NY3d 219, 232 [2007]). "A determination is arbitrary if it is made 'without sound basis in reason and . . . without regard to the facts' " (*Matter of Trump on the Ocean, LLC v Cortes-Vasquez*, 76 AD3d at 1083, quoting *Matter of Pell v Board of Educ. of Union Free School Dist. No. 1 of Towns of Scarsdale & Mamaroneck, Westchester County*, 34 NY2d 222, 231 [1974]).

The DEC's determination to require the petitioner to obtain a variance in connection with the petitioner's reconditioning of the subject tanks lacks a sound basis in reason and is without regard to the facts, as the DEC concedes that 6 NYCRR 614.3 and 641.6 do not apply to the subject fiberglass tanks (*see Matter of Trump on the Ocean, LLC v Cortes-Vasquez*, 76 AD3d at 1083).

The DEC's remaining contentions are without merit. Accordingly, the Supreme Court properly annulled the DEC's determination and granted that branch of the petition which was for a determination that the DEC's regulations did not apply to the subject storage tanks (*see Matter of Moy v Board of Town Trustees of Town of Southold*, 61 AD3d 763 [2009]). Angiolillo, J.P., Belen, Chambers and Roman, JJ., concur.